UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY S MARCUM, | ) |
|         Plaintiff, | ) |
|         v. | ) No. 1:23-cv-01176-TWP-MG |
| TONY SKINNER, | ) |
|         Defendant. | ) |

**ORDER SCREENING AND DISMISSING COMPLAINT
AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff Timothy Marcum filed this civil rights action in state court while he was incarcerated at the Delaware County Jail.[1] On July 5, 2023, defendant Sheriff Tony Skinner removed this action to this Court, and the filing fee has been paid. (Dkt. 1) (notice of removal). Because Mr. Marcum was a "prisoner" when he filed this action, this Court has an obligation to screen the complaint before service on the defendant. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

---

[1] On August 7, 2023, the Court received returned mail indicating that Mr. Marcum may no longer be at Delaware County Jail, and to date, Mr. Marcum has not filed a notice of change of address to update the Court of his whereabouts. *See* dkt. 12 (mail sent to plaintiff at the Jail returned as undeliverable, unable to forward).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Marcum names only Sheriff Tony Skinner in his complaint and alleges two different incidents that occurred at the Delaware County Jail. Dkt. 1-1 at 9.

First, between March 1 and 10, 2023, Mr. Marcum was burned with hot water during a hot water pass by Correctional Officer Martin. *Id.* He requested to see medical for the burn and received ointment and a bandage for it. *Id.* Later, he requested burn cream and additional bandages from Correctional Officer Walsh, who yelled at him and caused him "to be in fear for [his] safety" in violation of his Eighth and Fourteenth Amendment rights. *Id.*

Second, between April 1 and May 2, 2023, Mr. Marcum had a tooth break off that caused him severe pain. *Id.* He saw a dentist to have the tooth extracted and after the extraction, part of the tooth was still there. *Id.* He alleges he requested something for his pain multiple times but was denied any pain medication in violation of his Eighth and Fourteenth Amendment rights. *Id.*

Mr. Marcum seeks declaratory relief and compensatory damages. *Id.* at 10.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **dismissed for failure to state a claim** upon which relief may be granted.

Fatal to Mr. Marcum's complaint is that he has not alleged any personal wrongdoing on behalf of the Sheriff Skinner. This is problematic because "[i]ndividual liability under § 1983 . . .

requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Accordingly, because Mr. Marcum's complaint fails to allege individual liability of Sheriff Skinner, it must be **dismissed for failure to state a claim** upon which relief may be granted.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Mr. Marcum shall have **through October 31, 2023, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, 1:23-cv-01176-TWP-MG, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 10/4/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY S MARCUM
Delaware County Jail
3100 Tillotson Avenue
Muncie, IN 47302

Andrew J. Upchurch
Travelers Staff Counsel Indiana
ajupchur@travelers.com